FEB 18 2009

ORDERED in the Southern District of Florida on _____



_____
Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:

BARRY TARTARKIN,

    Debtor.
_____/

CASE NO.: 08-16684-EPK
Chapter 7

SANDEEP DALAL,

    Plaintiff,

v.

BARRY TARTARKIN,

    Defendant.
_____/

ADV. CASE NO.: 08-01549-EPK

## Memorandum Opinion

THIS MATTER came before me for evidentiary hearing on February 10, 2009 upon the *Creditor's Timely Objection to Discharge of Debtor's Debt, For Reasons Which Include Section §523 & §727* (the "Complaint") [DE 1] filed by Sandeep Dalal ("Mr. Dalal").

In ruling on this matter, I considered the Complaint, the *Defendant, Barry Tartakin's* [sic] *Answer and Affirmative Defenses* (the "Answer") [DE 10], the *Opening Statement* (the "Opening Statement") [DE21] filed by Mr. Dalal, the *Opening Statement (to Be Read at Trial)* (the "Affidavit") [DE 22] filed by Mr. Dalal, the presentations of Mr. Dalal and counsel for Barry Tartarkin (the "Debtor"), and the evidence admitted at the evidentiary hearing.

For the reasons set forth below, I rule in favor of the Debtor and deny all relief requested in the Complaint.[1]

## Jurisdiction

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b). This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(I) and (J). Venue is proper pursuant to 28 U.S.C. § 1409.

## Background

Mr. Dalal owns a condominium in New York City. Prior to the commencement of this case, Mr. Dalal leased the condominium to the Debtor. The Debtor, who resides in Florida, used the condominium for frequent business travel to New York. The Debtor vacated the condominium on or about March 31, 2008 and so advised Mr. Dalal by email. At the time the Debtor vacated the condominium, the Debtor's tenancy was on a month to month basis. The Debtor filed his chapter 7 petition about two months later on May 22, 2008.

Mr. Dalal claims that the Debtor owes him rent. The amount due is in dispute. The Debtor's Schedules show a claim of Mr. Dalal, in the amount of $45,125, as disputed. [Case No. 08-16684-EPK, DE 24] On February 10, 2009, the day of the evidentiary hearing in this matter,

---

[1] This Memorandum Opinion constitutes my findings of fact and conclusions of law pursuant to Fed. R. Bankr. P. 7052.

Mr. Dalal filed a proof of claim stating an unsecured claim for rent in the total amount of $47,550, including a priority claim of $2,425.

Mr. Dalal's Complaint seeks relief under 11 U.S.C. §§ 523 and 727, requesting both that his claim be excepted from the Debtor's discharge and that the Debtor be denied a discharge. Mr. Dalal cites Sections 523(a)(2)(A), 523(a)(2)(B), 523(a)(6), 523(a)(10), 727(a)(2), 727(a)(4), 727(a)(5), and 727(a)(8).

In support of the allegations in the Complaint, at the evidentiary hearing Mr. Dalal offered his own Affidavit, a binder of proposed exhibits comprising approximately 250 pages,[2] and testimony of the Debtor. The Affidavit referenced many of Mr. Dalal's proposed exhibits. Counsel for the Debtor objected to the Affidavit on the basis of hearsay and on other evidentiary grounds. I reviewed on the record each paragraph of the Affidavit and the proposed exhibits referenced therein, and entertained the Debtor's objections one by one. Because most of the proposed Affidavit consisted of legal argument, summarizing and in some cases expanding on Mr. Dalal's arguments in the Complaint and the Opening Statement, and portions of the Affidavit were hearsay or subject to other valid objections, only parts of the Affidavit were admitted as Mr. Dalal's direct testimony. I considered the remainder of the Affidavit as additional argument in favor of the relief requested in the Complaint. Certain of Mr. Dalal's proposed documentary exhibits were admitted during my review of his proposed Affidavit. Prior to the close of the evidentiary hearing, Mr. Dalal moved for the admission of the remaining documentary exhibits in his binder. Counsel for the Debtor stipulated to the admission of a

---

[2] The documents in Mr. Dalal's binder of proposed exhibits are not tabbed individually as required by Local Rule 9070-1(A). Instead, every page in the binder is hand numbered. In some cases, Mr. Dalal inserted additional pages between numbered pages by adding a letter designation to the page number. During the evidentiary hearing, documents in Mr. Dalal's binder were referenced according to the hand numbering on the relevant pages.

number of Mr. Dalal's exhibits and, after considering and ruling on objections by the Debtor, I admitted additional documents offered by Mr. Dalal.[3]

Mr. Dalal argued, *inter alia*, that the Debtor fraudulently obtained credit from Mr. Dalal by (1) leading Mr. Dalal to believe that the rent for the condominium was an obligation of the Debtor's employer, at one time an entity controlled by the Debtor, (2) causing Mr. Dalal to believe that the rent for the condominium was also an obligation of the Debtor's spouse and/or son, and (3) expressing interest in purchasing the condominium to cause Mr. Dalal to overestimate the Debtor's financial wherewithal. Mr. Dalal alleged that the Debtor overstated his debt in his chapter 7 case, by including nearly all creditors listed in a prior bankruptcy of a corporate entity controlled by the Debtor, in an attempt to mislead creditors and this Court. Mr. Dalal argued that these allegations support the relief requested under Sections 523 and 727.[4]

## Analysis

### A. Exception from Discharge under 11 U.S.C. § 523

"Courts generally construe the statutory exceptions to discharge in bankruptcy liberally in favor of the debtor, and recognize that the reasons for denying a discharge . . . must be real and substantial, not merely technical and conjectural." *Equitable Bank v. Miller (In re Miller)*, 39 F.3d 301, 304 (11th Cir. 1994) (internal citations and quotations omitted). This narrow construction ensures that the "honest but unfortunate debtor" is afforded a fresh start. *Id.* at 304 (citing *Birmingham Trust Nat'l. Bank v. Case*, 755 F.2d 1474, 1477 (11th Cir.1985)).

---

[3] I admitted into evidence the following pages from Mr. Dalal's binder (not including handwritten notes thereon): 3, 4, 6, 8, 9-22, 23, 24-30, 32-36, 38-48, 53, 54, 59-59, 62-81, 91-116, 121, 132-148, 149-150U, 155, 160-226, 229-252, 258-260. The foregoing page ranges include any sub-lettered pages falling within the given range.

[4] Mr. Dalal made other arguments in the Complaint, the Opening Statement, and the Affidavit that do not relate to relief under either Section 523 or Section 727. For example, Mr. Dalal alleged that the Debtor's former employer, spouse, and son are co-debtors with regard to the condominium rent and should be held liable to Mr. Dalal. These persons are not parties to the present action. Because these and certain other allegations made by Mr. Dalal bear no relation to the case at bar, I do not address them here.

Mr. Dalal bears the burden of proving his claims under Section 523(a) by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291 (1991); *Taylor v. Wood (In re Wood)*, 245 Fed. Appx. 916, 917 (11th Cir. 2007).

Mr. Dalal failed to meet this burden.

Mr. Dalal alleges that the Debtor caused Mr. Dalal to extend credit by false pretenses, a false representation, or actual fraud, thereby triggering Section 523(a)(2)(A). Similarly, Mr. Dalal alleges that the Debtor incurred the rental debt by use of statements in writing that were materially false and otherwise satisfying the requirements of Section 523(a)(2)(B). The evidence did not support these allegations. In credible and sincere testimony elicited by Mr. Dalal, and in his own affidavit admitted as Defendant's Exhibit F, the Debtor stated he had no intent to deceive Mr. Dalal. The communications between Mr. Dalal and the Debtor are, on their face, not actionable under Sections 523(a)(2)(A) or (B) because they manifest no intent to mislead. Mr. Dalal's argument is belied by the fact that he allowed the Debtor to remain in possession of the condominium, on a month to month basis, while the Debtor was consistently behind in payment of rent for an extended period of time. By Mr. Dalal's own estimation, the total unpaid rent would cover more than a year's tenancy at the condominium. Under the circumstances, it is hard to imagine that Mr. Dalal reasonably believed the Debtor had the ability to pay rent in a timely manner.

Mr. Dalal alleges, under Section 523(a)(6), that the rental obligation arose out of a willful and malicious injury by the Debtor. "[A] debtor is responsible for a 'willful' injury when he or she commits an intentional act the purpose of which is to cause injury or which is substantially certain to cause injury." *Thomas v. Loveless (In re Thomas)*, 288 Fed. Appx. 54 (11th Cir. 2008) (citing *In re Walker*, 48 F.3d 1161, 1165 (11th Cir. 1995)). Malice can be implied when a debtor

commits an act that is "wrongful and without just cause or excessive even in the absence of personal hatred, spite or ill-will." *Id.* (quoting *In re Ikner*, 883 F.2d 986, 991 (11th Cir. 1989)) (internal quotation marks omitted). There was no evidence to support a conclusion that the Debtor inflicted willful and malicious injury on Mr. Dalal or Mr. Dalal's property under Section 523(a)(6).

Mr. Dalal cites Section 523(a)(10) as a basis for relief in this matter. Section 523(a)(10) applies only where a debtor is attempting, through a subsequent case, to discharge a claim that was or could have been listed or scheduled by the same debtor in a prior case in which the discharge was waived or denied. There is no evidence that the Debtor has ever been a debtor in bankruptcy prior to this case, and thus relief under Section 523(a)(10) is not warranted.[5]

B.  *Denial of Discharge under 11 U.S.C. § 727*

Mr. Dalal bears the burden of proving his claims under Section 727 by a preponderance of the evidence. Fed. R. Bank. P. 4005; *Buckeye Retirement Co., LLC, Ltd. v. Osterman (In re Osterman)*, No. 08-12484, 2008 U.S. App. LEXIS 22242 (11th Cir. Oct. 21, 2008).

Mr. Dalal alleges that the Debtor concealed property in a manner that implicates Section 727(a)(2). "A creditor alleging intent to defraud under Section 727(a)(2)(A) bears the considerable burden of demonstrating *actual fraudulent intent;* constructive fraud is insufficient." *Equitable Bank*, 39 F.3d at 306. Mr. Dalal claimed that the Debtor failed to disclose a note payable to the Debtor from Mitchell Berlin, with a remaining principal balance of $250,000, which was not scheduled as an asset of the estate. The Debtor responded that he

---

[5] Mr. Dalal presented evidence that many of the creditors listed on the Debtor's schedules were previously scheduled by a corporate entity, once controlled by the Debtor, in the prior bankruptcy of such corporate entity. *See* In re: JBT Legwear LLC, a Delaware Ltd Liability Co., Southern District of Florida, Case No. 06-13272-RBR. The Debtor scheduled all of such corporate creditors as "disputed" on his own Schedules in this case. [Case No. 08-16684-EPK, DE 24] The Debtor and the corporate entity are not the same debtor for purposes of Section 523(a)(10). In any case, it is not improper for an individual to schedule in his bankruptcy creditors of a closely held corporate entity controlled by the individual on the grounds that the creditors may believe they have a claim against the individual debtor.

inadvertently failed to schedule this asset on his Schedule B, but that it was nevertheless disclosed in his Statement of Financial Affairs at item 3.b. [Case No. 08-16684-EPK, DE 24] There was no evidence to support a conclusion that the Debtor concealed assets or that he had the requisite intent under Section 727(a)(2).

Mr. Dalal alleges that the Debtor knowingly and fraudulently made a false oath or account in or in connection with this case, in violation of Section 727(a)(4). There was no evidence to support this claim.

Seeking relief under Section 727(a)(5), Mr. Dalal alleges that the Debtor failed to explain satisfactorily a loss of assets or deficiency of assets to meet the Debtor's liabilities. In support of this claim, Mr. Dalal argued that the Debtor had substantial assets in the years prior to the filing of this case, including equity in his principal residence, and that the Debtor's Schedules and Statement of Financial Affairs do not reflect these assets and how they were diminished. In testimony elicited by Mr. Dalal, the Debtor stated that over a period of many months prior to his bankruptcy he borrowed on a home equity line secured by his principal residence and incurred other debt to attempt to stave off his creditors. In his testimony the Debtor appeared honest and sincere. In his affidavit admitted as Defendant's Exhibit F, the Debtor reviewed the financial difficulties that lead to his bankruptcy filing. The evidence as a whole confirmed that the Debtor's business and personal financial affairs slid downhill, leading him to file the petition commencing this case. I found the Debtor's explanation of his financial losses to be satisfactory and thus not warranting relief under Section 727(a)(5).

Finally, Mr. Dalal cites Section 727(a)(8), which prohibits the granting of a discharge where a debtor has been granted a discharge in a chapter 7 or chapter 11 case within eight years

prior to the filing of the petition. As there is no evidence that the Debtor has ever been a debtor in bankruptcy prior to this case, Section 727(a)(8) does not apply.

## Conclusion

For the foregoing reasons, I will enter a separate judgment denying all relief requested in the Complaint.

### 

Copies Furnished to:

Sandeep Dalal
1809 Devonshire Crescent
Houston, TX 77030

Barry Tartarkin
4400 NW 28 Way
Boca Raton, FL 33434

Thomas L Abrams, Esq.
1776 N Pine Island Rd #309
Plantation, FL 33322

Robert C Furr
2255 Glades Road Ste 337W
Boca Raton, FL 33431

AUST